IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE L. MILLER | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 06-3587 |
| | : | |
| ANTHONY J. SANTILLI, et al. | : | |
| | : | |
| O'Neill, J. | : | March 15, 2007 |

MEMORANDUM

This action was commenced in the Court of Common Pleas of Philadelphia County by George Miller, the bankruptcy trustee for American Business Financial Services ("ABFS"), alleging claims against seven former ABFS officers and directors and five financial institutions stemming from ABFS's insolvency. Defendants removed the case to this Court. Before me now are Miller's motion to abstain or remand, defendants' response, plaintiff's reply, defendants' surreply, Pennsylvania Securities Commission's amicus memorandum in support of plaintiff's motion to abstain and remand, and defendants' response thereto. I will grant Miller's motion to abstain and remand this case to the Court of Common Pleas of Philadelphia County.

BACKGROUND

Many of the facts in this case can be found in my decisions of June 2, 2005, In re American Business Financial Services, Inc. Securities Litigation, 413 F. Supp. 2d 378 (E.D. Pa. 2005) and January 9, 2007, In re American Business Financial Services, Inc. Securities Litigation, 2007 U.S. Dist. LEXIS 932 (E.D. Pa. Jan. 9, 2007). These related decisions also stem from the alleged fraudulent actions of ABFS's directors and officers but financial institutions were not named as defendants in those actions. They were not brought by the trustee but by

1

shareholders and noteholders, respectively. ABFS was originally a defendant in both cases but the first case was dismissed and ABFS was omitted as a defendant in the second case due to its bankruptcy. Nevertheless, I will discuss the relevant facts here.

ABFS was a diversified financial services organization that sold and serviced business purpose home equity loans through its subsidiaries. ABFS also purchased home equity loans from financial institutions. Plaintiff alleges that the typical customers of ABFS and its subsidiaries were credit-impaired or high-risk borrowers who could not obtain traditional financing from banks or savings and loan associations. Around 2000, ABFS became insolvent. The complaint alleges that in the five years preceding its bankruptcy defendant ABFS's officers and directors, with the assistance of defendant financial institutions, caused ABFS to book more than $500 million of fictitious gains and more than $500 million of fictitious losses as part of an artifice and scheme to conceal losses and continue the illusion that ABFS was a financially viable company so that ABFS defendants and their enablers could continue to acquire millions of dollars at the expense of ABFS and it's creditors. Defendants falsified the financial statements of ABFS to achieve predetermined results and to conceal the staggering losses that were being sustained by ABFS and ABFS's deepening insolvency. Trustee asserts that, as a result of defendants' wrongdoing, ABFS suffered damages in excess of $750 million. ABFS filed for protection under Chapter 11 of the Bankruptcy Code on January 21, 2005. The Chapter 7 bankruptcy proceedings were converted to cases under Chapter 7 of the Bankruptcy Code on May 17, 2005 and Miller was appointed as trustee for the ABFS bankruptcy estate.

On July 13, 2006, Miller brought an action in state court against defendants, seven former ABFS officers and directors and five financial institutions. The complaint includes claims for:

(1) common law fraud against the officer defendants; (2) breach of fiduciary duty against the officer defendants; (3) breach of fiduciary duty against the outside director defendants; (4) breach of duty of care, mismanagement, negligence, and/or gross negligence against all defendant ABFS officers and directors; (5) aiding and abetting breach of fiduciary duty against the financial institution defendants; (6) aiding and abetting fraud against the financial institution defendants; (7) deepening of the insolvency against all defendants; (8) civil conspiracy against the financial institution defendants and (9) fraudulent transfer against all defendants.  All the claims in the complaint are labeled as state law claims.

In Count IX, at issue in this motion, plaintiff requests compensatory damages for an amount equal to all the monies and value of property fraudulently transferred after ABFS became insolvent.  These transfers included: (1) salaries, bonuses, or other sums paid to or on behalf of the officer defendants, which exceeded $15 million; (2) fees and other sums paid to or on behalf of the outside director defendants, which exceeded $1.5 million; (3) dividends paid to defendants, which exceeded $1.4 million; and (4) underwriting fees, interest, and other sums paid to the financial institution defendants, which exceeded $50 million.

Defendants removed this case on three independent bases.  In their notice of removal, defendants first stated that removal was proper under 28 U.S.C. § 1441 because the fraudulent transfer claim, Count IX, was a federal law claim.  Defendants also argue that removal was proper under 28 U.S.C. § 1452 because the fraudulent transfer claim arose under Title 11 of the United States Code.  Further, defendants contend that the case also falls under the federal courts' bankruptcy jurisdiction because it is related to ABFS's pending bankruptcy case.  In their response to plaintiff's motion to remand, defendants also seem to assert an additional ground for

this Court's jurisdiction: Rule 19 of the Federal Rules of Civil Procedure, which covers joinder. Neither party disputes that, should Count IX fall under federal question jurisdiction, the remaining claims would be within supplemental jurisdiction. Plaintiff now moves for this Court to abstain or remand.[1]

## DISCUSSION

Plaintiff asserts that I should exercise mandatory abstention under 28 U.S.C. §1334(c)(2) (2007) in this case. Defendants argue that abstention is both inappropriate and unavailable as a matter of law. Plaintiff bears the burden of proving his right to abstention. Stoe v. Flaherty, 436 F.3d 209, 219 (3d Cir. 2006). I agree with plaintiff and will abstain.

The Court of Appeals has set forth a five-part test for mandatory abstention under the Bankruptcy Code. See Id. at 213.

> Upon a timely motion § 1334(c)(2), a district court *must* abstain if the following five requirements are met: (1) the proceeding is based on a state law claim or cause of action; (2) the claim or cause of action is "related to" a case under title 11, but does not "arise in" a case under title 11, (3) federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case; (4) an action "is commenced" in a state forum of appropriate jurisdiction; and (5) the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.

Id. I will discuss each of these requirements in turn.

1.      State Law Claim or Cause of Action

The first requirement of mandatory abstention is that the proceeding is based on a state

---

[1] The Pennsylvania Securities Commission supports plaintiff's motion to abstain and remand because it intends to institute suit against some of the ABFS defendants in the Common Pleas Court of Philadelphia and argues that should the case stay in federal court two very similar cases would be litigated in two separate courts instead of being litigated before the same judge in the Commerce Court Program. Because I am granting plaintiff's motion to remand, I need not address the Commission's arguments.

law claim or cause of action.  Defendants argue that under the "artful pleading" doctrine Count IX of plaintiff's complaint, a fraudulent conveyance claim, arises under federal law.[2]  Plaintiff asserts that Count IX is based on state law.

"[T]he well-pleaded complaint rule requires the federal question be presented on the face of the plaintiff's properly pleaded complaint."  Krashna v. Oliver Realty, Inc., 895 F.2d 111, 113 (3d Cir. 1990) (citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "artful pleading" doctrine is an exception to this rule; it prevents a plaintiff from avoiding a federal forum by pleading a federal law claim solely in terms of state law.  Kline v. Security Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004).  Under this doctrine, also called the "complete preemption" doctrine by the Court of Appeals:

> [T]he preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well pleaded complaint rule.'  Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

Id., citing Caterpillar, 482 U.S. at 393.

On the face of his complaint, plaintiff's claims do not rely on any federal questions.  Federal law is not mentioned in the complaint.  Defendants argue that plaintiff's fraudulent conveyance claim is actually a Section 544(b) claim, which allows a trustee to "avoid any transfer of interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim."  11 U.S.C. § 544(b).

---

[2]Defendants agree that Counts I-VIII of the complaint are based on state law.

5

Neither party disputes that a trustee has a right to avoid a fraudulent transfer under federal law.

State law is not pre-empted by federal law here. A bankruptcy trustee may avoid a transfer under § 544(b), but Pennsylvania law also provides some parties with the ability to avoid fraudulent transfers. Plaintiff argues that his fraudulent transfer claim in Count IX is governed by Pennsylvania's Uniform Fraudulent Transfer Act, 12 Pa. C.S. § 5107 (2007) ("UFTA"). Under the Pennsylvania statute, a creditor may avoid a "transfer or obligation to the extent necessary to satisfy the creditor's claim." Id. § 5107(a)(1). The predecessor to Pennsylvania's UFTA, the Uniform Fraudulent Conveyances Act, permitted a trustee to recover or avoid a fraudulent transfer. See Ryan v. Jones, 92 F. Supp. 308, 309-10 (E.D. Pa. 1950). Plaintiff may or may not be permitted to recover under the UFTA, but he certainly may attempt to bring a cause of action under that law.[3]

Defendants urge me to follow the decision in Rahl v. Bande, 615 B.R. 127 (S.D.N.Y. 2004), which they argue is directly on point. I disagree. In Rahl, the Court found that there was federal jurisdiction over a fraudulent conveyance claim despite the trustee's argument that it was a matter of state law brought under New York's fraudulent transfer conveyance statute. Id. at 132. The complaint in Rahl, however, differs from the complaint here in one key respect: the trustee specifically mentioned and based his complaint on federal law. Id. ("bringing his complaint "[u]nder Bankruptcy Code § 544(b)(1)"). Trustee's complaint in this case does not mention federal law, nor does it invoke any special powers provided only by federal law.

Therefore, plaintiff's case satisfies the first requirement of mandatory abstention; the

---

[3]Defendants' solution to this problem is to move to dismiss Count IX for failure to state a claim under the Uniform Fraudulent Transfer Act.

6

proceedings are based on state law.

2.      "Related to" but not "Arising in"

The next requirement for mandatory abstention is that a case must be "related to" but not "arise under" title 11. Bankruptcy jurisdiction exists in four types of cases: "(1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11; and (4) proceedings 'related to' a case under title 11." Stoe, 436 F.3d at 216. A case "arises under" title 11 "if it invokes a substantive right provided by title 11." Id., citing Torkelsen v. Maggio, 72 F.3d 1171, 1178 (3d Cir. 1996). Bankruptcy "arising under jurisdiction" parallels federal question jurisdiction. Stoe, 436 F.3d at 216; see also 28 U.S.C. § 1331 (providing the federal courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."). A case is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Stoe, 436 F.3d at 216, citing In re Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

Both parties agree that this case is "related to" the pending ABFS bankruptcy because of this action's potential effect on the bankruptcy estate. Defendants argue, however, that this case "arises under" title 11 because plaintiffs' fraudulent transfer claim is a federal cause of action. As I discussed and decided above, plaintiff's claim is entirely based upon state law causes of action. He does not assert any rights under title 11 or any other federal laws. Therefore, plaintiff's claim is "related to" but does not "arise under" title 11 and meets the second requirement for mandatory abstention.

3.      No Jurisdiction but for the Bankruptcy Case

7

The third requirement for mandatory abstention is that federal courts would not have jurisdiction over the claim but for its relation to a bankruptcy case. In their notice of removal and subsequent documents filed with this Court, defendants argue that I have jurisdiction over plaintiff's complaint because of three reasons: (1) federal question jurisdiction; (2) bankruptcy jurisdiction; and (3) Federal Rule of Civil Procedure 19(a), which provides for joinder. Defendants' arguments relating to this federal question jurisdiction mirror their arguments for the first two mandatory abstention requirements. As I discussed above, federal question jurisdiction does not exist because plaintiff's complaint is based entirely on state law. Further, Rule 19(a) is not a basis for jurisdiction.[4] See Fed. R. Civ. P. 19(a) (only permitting joinder when it will "not deprive the court of jurisdiction over the subject matter of the action). Thus, the only jurisdiction over plaintiff's claim is its "related to" bankruptcy jurisdiction.

4.      State Forum of Appropriate Jurisdiction

The fourth requirement for mandatory abstention is that the action must be commenced in a state forum of appropriate jurisdiction. Defendants argue that the Philadelphia Court of Common Pleas is not a state forum of appropriate jurisdiction because Pennsylvania's internal affairs doctrine bars jurisdiction over the case. Under the internal affairs doctrine, courts in

---

[4]Rule 19 provides:

> A person who is subject to service of process and whose joiner will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of an action and is so situated that the disposition of the action in the person's absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations b reason of the claimed interest.

Fed. R. Civ. P. 19 (2007).

Pennsylvania "will not take jurisdiction for the purpose of regulating or interfering with the internal management of a foreign corporation." <u>Kahn v. Am. Cone & Pretzel Co.</u>, 74 A.2d 160, 163 (Pa. 1950); <u>see also</u> <u>Fordyce v. DeLape</u>, No. 05-8432, slip op. (Chester Ct. Cm. Pl. Aug. 31, 2006) (dismissing derivative shareholder action because substance of case was corporate mismanagement, implicating the "internal affairs" doctrine).  That doctrine, however, does not apply here.  "Where the complaintant is the foreign corporation suing for relief from alleged wrongs against the corporate entity itself, such a plea is without merit." <u>Vulcanized Rubber & Plastics Co. v. Scheckter</u>, 162 A.2d 400, 403 (Pa. 1960).  The cases relied upon by defendants discuss a shareholder's right to sue derivatively, not a corporation's right to sue its officers and directors.  Therefore the internal affairs doctrine will not bar Pennsylvania courts from exercising jurisdiction over this case and the Court of Common Pleas of Philadelphia County is a state forum of appropriate jurisdiction.

5.      Timely Adjudicated

The final requirement for mandatory abstention is that the action can be "timely adjudicated" in a state forum of appropriate jurisdiction.  The Court of Appeals has offered some insight, noting that timeliness "must be determined with respect to the needs of the title 11 case and not solely by reference to the relative alacrity with which the state and federal court can be expected to proceed." <u>Stoe</u>, 436 F.3d at 219.  Defendants argue that the trustee's action cannot be timely adjudicated in state court because the current suit is inextricably intertwined with the other ABFS cases in this district and only this Court can handle cases in a timely and efficient manner.  I disagree.  Plaintiff has offered an affidavit from John W. Morris, co-counsel in this matter, discussing the state court's ability to handle this case in a timely and efficient manner.  In

that affidavit, Morris thoroughly discusses the Commerce Program in the Philadelphia Court of Common Pleas. The Commerce Program was established to provide litigants with a specialized and expeditious forum for the adjudication of complex corporate and commercial cases. Cases are immediately assigned to an individual judge who promptly conferences the case, assigns it to a scheduling track, and thereafter assures that each case progresses according to schedule. Before being removed, the instant case had been assigned to the Standard Track which calls for trial within eighteen months of filing. Due to the complexity of this litigation, an eighteen month schedule certainly satisfies the "timely adjudication" requirement. I find that plaintiff has offered enough evidence to show that his action can be timely adjudicated in state court.

Therefore, plaintiff has met all five requirements of mandatory abstention and I will abstain and remand this case to the Court of Common Pleas for Philadelphia County.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE L. MILLER | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 06-3587 |
| | : | |
| ANTHONY J. SANTILLI, et al. | : | |

ORDER

And now, this 15th day of March 2007, it is ORDERED that the case is remanded to the Court of Common Pleas of Philadelphia County. The clerk is directed to close this case statistically.

   s/ Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.